## ROSS *vs.* DAVIS *et al.*

The Clerk's Execution Docket, made out by himself or deputy, is admissible in evidence in an action by the administrator of the Clerk against the administrator of the Sheriff, to show *prima facie* the amount of [cash due the Clerk on cost *fi. fas.*, and that the *fi. fas.* were delivered to the Sheriff.

Debt, in Bibb Superior Court. Tried before Judge LAMAR, at May Term, 1860.

The plaintiff in error brought an action of debt against the defendants on the bond of a former Sheriff, Davis J. Davis, to recover an amount of money claimed to be due the estate of Henry G. Ross, the former Clerk of the Superior Court of said county, on account of his costs, collected and retained by said Davis, Sheriff, in his lifetime, on *fi. fas.* and other processes placed in his hands for collection.

On the trial of the cause, counsel for the parties agreed to submit to the Court, for decision, the following questions :

In a suit by the administrator of the late Clerk *vs.* the administrator of the late sheriff, and his securities for costs of Clerk, collected by the sheriff on various *fi. fas.* alleged to have been placed in the hands of the sheriff, is the regular execution docket of Bibb Superior Court and the entries thereon, which docket and the entries are kept either in the hand-writing of the Clerk or his deputy—evidence to show *prima facie* the amount of costs due the Clerk on cost *fi. fas.*, and that the *fi. fas.* were delivered to the Sheriff?

If the usual proof is made by the Clerk, that the dockets

Ross *vs.* Davis *et al.*

are correctly kept, etc., as in case of merchants' books, are the dockets then *prima facie* evidence to charge the sheriff as above?"

After considering the above propositions, the Court decided against each of them, "holding that the docket was not evidence, either as record or as private books, and that the same be excluded as such evidence." To which counsel for plaintiff excepted, and assigned the same as error.

WHITTLE, for plaintiff in error.

RUTHERFORD, for defendant.

*By the Court*—LUMPKIN, J., delivering the opinion.

I confess my mind is not very clear upon the question in this case. The Clerk is required to keep an execution docket for the special purpose of entering the names and stating the cases of parties—plaintiffs and defendants—and when executions are returned satisfied by the sheriff, to transfer the sheriff's return to said execution docket. It is not even said that the amount of principal, interest and costs, shall be stated. And yet we know that the execution docket is made out in this way; and that it is to that we invariably refer to ascertain the amount of these several sums. So, also, it comes within our knowledge, that it is also usual. I never knew it omitted for the Clerk to state, to which sheriff, principal, or deputy, the *fi. fa.* was delivered, and also the time when it issued and was delivered. And we always refer to this docket, when prosecuting a rule against the sheriff, to charge him at the instance of the plaintiff; and I should certainly hold with great confidence such entry to be, at least, *prima facie* evidence against the sheriff, in favor of third persons. I am rather inclined, therefore, to hold, that to the same extent, it is good, when the proceeding is at the instance of the Clerk for his costs. These dockets are public books deposited in the Clerk's office, subject to the daily inspection of the sheriff and everybody else. They are in no sense the private memoranda of the Clerk, but the permanent as well as public monuments of his official transactions. It is said to be customary with some Clerks, to take

the sheriff's receipt for all executions which are delivered to him. I never knew this done.

On the other hand, the law does require the sheriff to keep a fair and regular execution docket, wherein he shall enter all executions delivered to him, and the dates of such delivery. What sheriff does this? Not a dozen in the State, nor perhaps half that number. If he has done his duty—has complied with the law—let him produce his docket, and this will furnish counteracting testimony in his favor. If he will not keep a docket, but chooses to settle by the Clerk's, and to be judged by that, from the necessity of the case it should be allowed to go in evidence. It would be wrong to impute to the Clerk a purpose, when making out his docket at some remote period in the past, to saddle the sheriff with liability for process, which never came to his hands. When these entries are made in the docket, the sheriff is in life, and constantly referring to this book, and would detect and expose any premeditated fraud to work an injury to him.

Of all the books, kept by the party himself, which have been allowed to go in evidence, I know of none so free from objection as the suspicion of being made up, to manufacture proof, as the Clerk's execution docket.